**NOT FOR PUBLICATION**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

| | |
|---|---|
| PEDRO HENRIQUE SANTANA ISIDORO,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, et al.,<br><br>Respondents. | Civ. No. 26-5669 (RMB)<br><br>**OPINION** |

**RENÉE MARIE BUMB,** Chief United States District Judge

This matter comes before the Court on Petitioner Pedro Henrique Santana Isidoro's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Petition" Dkt. No. 1), his Motion for Appointment of Pro Bono Counsel ("Motion to Appoint" Dkt. No. 2), Respondents' Answer ("Answer" Dkt. No. 6), and Petitioner's Supplemental Notice of Material Developments and Request for Prompt Adjudication ("Supplemental Notice" Dkt. No. 7), which the Court construes as a reply. Petitioner challenges his placement in expedited removal proceedings, seeks a bond hearing under 8 U.S.C. § 1226(a), and contends that his detention since August 14, 2025 violates due process.

For the reasons below, the Court **DISMISSES** Counts One, Two, Four, and Five of the Petition for lack of jurisdiction. Because the record does not permit

resolution of Count Three, Petitioner's request for release or an individualized bond hearing, and the Motion to Appoint, the Court directs supplemental briefing and accordingly, **RESERVES** its decision.

## I. BACKGROUND

Petitioner is a native and citizen of Brazil. (Petition ¶ 13; Respondents' Ex. A, Notice to Appear, Dkt. No. 6-1.) The Department of Homeland Security ("DHS") records state that Border Patrol encountered him near Calexico, California, on February 5, 2023, after he entered on foot without admission or parole. (Respondents' Ex. A-1, Record of Deportable/Inadmissible Alien, Dkt. No. 6-2 at 5-6.) DHS issued a Notice to Appear charging inadmissibility under 8 U.S.C. § 1182(a)(6)(A)(i) and directing Petitioner to appear in Miami, Florida, on August 14, 2025. (Respondents' Ex. A, Notice to Appear, Dkt. No. 6-1.) Petitioner appeared pro se. (Respondents' Ex. B, Aug. 14, 2025 Dismissal Order, Dkt. No. 6-3.) DHS orally moved to dismiss because changed circumstances allegedly made continuation contrary to the Government's interest. (*Id.*) Petitioner initially said that he did not understand the motion; the IJ explained that dismissal would end the court proceeding and place any asylum or fear claim before DHS or United States Citizenship and Immigration Services ("USCIS"), questioned Petitioner about potential relief and his fear of returning to Brazil, granted the motion, dismissed the proceedings without prejudice, and advised Petitioner of his right to appeal (Petitioner's Ex. D, Aug. 14, 2025 Hearing Transcript, Dkt. No. 1-2 at 13-19; Respondents' Ex. B, Aug. 14, 2025 Dismissal Order, Dkt. No. 6-3; Respondents'

Ex. B-1, Aug. 14, 2025 Amended Dismissal Order, Dkt. No. 6-4.) On the same day, Immigration and Customs Enforcement ("ICE") arrested Petitioner at the Miami courthouse. (Petition ¶ 16.)

DHS records state that Petitioner has no criminal history, no valid travel document in his file, and would remain in ICE custody. (Respondents' Ex. A-1, Record of Deportable/Inadmissible Alien, Dkt. No. 6-2 at 1-3.) DHS then issued a Notice and Order of Expedited Removal charging Petitioner as an immigrant without the documents required by 8 U.S.C. § 1182(a)(7)(A)(i)(I). (Respondents' Ex. C, Notice and Order of Expedited Removal, Dkt. No. 6-5.)

On February 6, 2026, the Board of Immigration Appeals ("BIA") dismissed Petitioner's appeal from the August 14, 2025 dismissal order and denied his stay request as moot. (Respondents' Ex. D, Feb. 6, 2026 BIA Order, Dkt. No. 6-6.) After an asylum officer made a negative credible-fear determination, an immigration judge ("IJ") affirmed that determination on March 20, 2026, returned the case to DHS for removal, and stated that the decision was final and unappealable. (Respondents' Ex. E, Mar. 20, 2026 Order, Dkt. No. 6-7.) On April 9, 2026, another IJ denied Petitioner's request for custody redetermination for lack of jurisdiction because he was in expedited-removal proceedings. (Petitioner's Ex. A, Apr. 9, 2026 Order, Dkt. No. 1-2.)

On May 10, 2026, Petitioner filed a motion to reopen the earlier removal proceedings, which the IJ denied on May 18, 2026 because those proceedings had been dismissed and there was no final administrative removal order to reopen.

(Respondents' Ex. F, May 18, 2026 Order, Dkt. No. 6-8.) Petitioner filed the instant Petition and Motion to Appoint Pro Bono Counsel on the same day. (Dkt. Nos. 1–2.)

The Petition asserts five counts. Counts One and Five challenge DHS's decision to place Petitioner in expedited-removal proceedings after dismissing the proceedings under 8 U.S.C. § 1229(a) because he had been in the United States for more than two years. (Petition ¶¶ 28, 32-39.) Count Two seeks a bond hearing under § 1226(a) on the premise that § 1226(a), rather than § 1225(b)(1), governs his detention. (*Id.* ¶ 29.) Count Three alleges that continued detention without individualized review violates the Fifth Amendment. (*Id.* ¶ 30.) Count Four alleges that Petitioner was not adequately informed of the consequences of dismissal. (*Id.* ¶ 31.) Petitioner seeks release or a bond hearing, a stay of transfer and removal, and expedited review of the Petition. (*Id.* at 7.)

Respondents argue that 8 U.S.C. § 1252 bars review of Petitioner's challenges to expedited removal; that DHS permissibly invoked expedited removal based on the February 2023 encounter and inadmissibility determination; and that § 1225(b)(1)(B)(iii)(IV) requires detention until removal. (Answer at 2-10.) As to Count Three, Respondents contend that on May 26, 2026, ICE planned to remove Petitioner "in the near future" if the Court lifted its May 18, 2026 no transfer order (Dkt. No. 3), but supplied no declaration or description of that plan. (*Id.* at 10.) In the Supplemental Notice, Petitioner argues that the motion to reopen remains pending and relies on an Executive Office of Immigration Review ("EOIR") portal

printout showing that the motion was "Court Accepted" on May 10, 2026. (Supplemental Notice at 2-7.) The Court notes that the printout simply establishes filing, not continued pendency, and therefore, does not overcome the May 18, 2026 denial order. Petitioner also asserts that the Supplemental Notice does not contain any new legal claims or amended theories. (*Id.* at 4.) Respondents' position concerning detention length and administrative posture are material to Count Three, and the supplemental briefing ordered below provides Respondents an opportunity to address those issues and the current removal status.

## II. DISCUSSION

Under 28 U.S.C. § 2241(c)(3), a district court may grant habeas relief to a person held "in custody in violation of the Constitution or laws or treaties of the United States." That authority ordinarily includes challenges to immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001). However, Congress has limited the review of expedited removal determinations and has channeled many questions arising from removal proceedings into a petition for review. *See* 8 U.S.C. § 1252; *Khalil v. President, United States*, 164 F.4th 259, 273-79 (3d Cir. 2026) (per curiam). The Court therefore considers the statutory classification and procedural claims separately from Petitioner's challenge to his continued detention.

### A. The Court Lacks Jurisdiction over the Statutory Classification and Procedural Claims

Section 1252(a)(2)(B)(ii) prevents a district court from reviewing "any other decision or action of the Attorney General or the Secretary of Homeland Security the

authority for which is . . . in [their] discretion." 8 U.S.C. § 1252(a)(2)(B)(ii). Habeas review under § 1252(e)(2) is limited to whether the petitioner is a noncitizen, whether an expedited-removal order was issued, and whether the petitioner proves qualifying status as a lawful permanent resident, refugee, or asylee. 8 U.S.C. § 1252(e)(2); *see also Castro v. U.S. Dep't of Homeland Sec.*, 835 F.3d 422, 430 (3d Cir. 2016). A district court may not use habeas review to examine whether expedited-removal procedures were properly applied in an individual case. *Castro*, 835 F.3d at 431. In other words, a reviewing court can only determine "whether an immigration officer issued that piece of paper and whether the [p]etitioner is the same person referred to in that order." *Id.*

Here, Petitioner admits that he is a citizen of Brazil, does not claim lawful permanent resident, refugee, or asylee status, and does not dispute that DHS issued the August 14, 2025 expedited-removal order against him. (Petition ¶ 8; Respondents' Ex. C, Notice and Order of Expedited Removal, Dkt. No. 6-5.) To the extent Petitioner's arguments that DHS invoked expedited removal too late, after first proceeding under § 1229(a), and without adequate notice ask this Court to review the application and implementation of expedited removal in his individual case, § 1252(a)(2)(A) forecloses that review. *See Castro*, 835 F.3d at 430. For the same reasons, the Court cannot order a bond hearing pursuant to § 1226(a) by first deciding that DHS unlawfully classified Petitioner under § 1225(b)(1). *Id.* Stated differently, Petitioner's claims related to his final expedited removal order are inextricably linked to his final expedited removal order and as such, the Court cannot adjudicate such

claims. *See Sangare v. Soto*, No. 26-758, 2026 WL 575374, at *1-2 (D.N.J. Mar. 2, 2026) (citing *Khalil*, 164 F.4th at 274) ("Now that there is an administratively final removal order, petitioner's detention claims are not 'wholly collateral' to the removal process; they are 'inextricably linked' to it."); *see also Osorio-Martinez v. Att'y Gen. United States of Am.*, 893 F.3d 153, 165 (3d Cir. 2018) (noting § 1252(e) stripped district courts of jurisdiction to consider whether an expedited order of removal "is being illegally applied" to noncitizens).

The Court makes clear that this jurisdictional ruling does not adjudicate whether DHS correctly interpreted the two-year physical-presence language in § 1225(b)(1)(A)(iii), whether the February 2023 encounter permitted DHS to invoke expedited removal in August 2025, whether the explanation given at the August 14, 2025 hearing was adequate, or whether § 1226(a) otherwise would apply. The merits of those issues fall outside the narrow scope of habeas review authorized by § 1252(e)(2). Accordingly, Counts One, Two, Four, and Five are dismissed for lack of jurisdiction.

### B. The Record Is Insufficient to Resolve the Prolonged Detention Claim

In Count Three, Petitioner challenges his continued detention as prolonged. (Petition ¶ 30.) Because Petitioner's claim challenges the duration of physical confinement, the Court may review the merits of Petitioner's claim. *See Khalil*, 164 F.4th at 278-280 (recognizing length of confinement claims as detention-specific). Therefore, the Court has jurisdiction over Count Three.

The record does not contain sufficient evidence for the Court to adequately

adjudicate the prolonged detention claim. In <i>Zadvydas</i>, the Supreme Court construed § 1231(a)(6) to authorize post-removal-period detention only for the time reasonably necessary to accomplish removal. 533 U.S. at 689, 699. Six-months is a presumptively reasonable period for removal detention; after that period, the noncitizen must provide good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. <i>Id.</i> at 701. If that showing is made, the Government must respond with evidence sufficient to rebut it. <i>Id.</i> Detention is no longer authorized when removal is not reasonably foreseeable, although release may remain subject to appropriate conditions of supervision. <i>Id.</i> at 699–701.

Petitioner has been detained since August 14, 2025, nearly twelve months from the date he filed the Supplemental Notice. (Petition ¶¶ 2, 17; Supplemental Notice at 3-5.) Respondents' May 26, 2026 assertion that removal was expected "in the near future" is now more than two months old and unsupported by evidence. (Answer at 10.) Although the exhibits establish a final negative credible fear determination, denial of custody redetermination, and denial of the motion to reopen, they do not identify steps taken to procure travel documents or arrange removal or any obstacles to removal. (*See generally* Answer and exhibits, Dkt. No. 6.) Therefore, the Court orders Respondents to file a supplemental brief supported by a declaration from an official with personal knowledge addressing steps taken towards Petitioner's removal.

## III. CONCLUSION

For the reasons stated above, Counts One, Two, Four, and Five are **DISMISSED** for lack of jurisdiction. Decision is **RESERVED** on Count Three, Petitioner's request for release or an individualized bond hearing, and the Motion to Appoint (Dkt. No. 2). Within 21 days of the accompanying Order, Respondents shall file a supplemental brief supported by a declaration from an official with personal knowledge addressing the following:

(1) Petitioner's present immigration and administrative-removal posture, including whether he appealed the May 18, 2026 denial of his motion to reopen and whether any motion, appeal, or administrative stay request is now pending and affects the finality of Petitioner's removal order;

(2) the concrete steps taken since March 20, 2026 to effectuate removal, including whether travel documents have been requested or obtained; and

(4) any present obstacle to removal and the anticipated timetable for removal.

Petitioner may respond within seven days after service of Respondents' supplemental brief. No reply shall be filed absent leave of Court. An appropriate Order accompanies this Opinion.

**Dated:** August 11, 2026

s/Renée Marie Bumb
RENÉE MARIE BUMB
Chief United States District Judge